UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

JAMES CLAYTON LANDINGHAM
#99144-071
P.O. BOX 5000
YAZOO CITY, MS 39194-5000
*Plaintiff,*

VS.

HARLEY LAPPIN DIRECTOR FEDERAL BUREAU OF
PRISONS; FEDERAL BUREAU OF PRISONS.
320 First Street. Washington D.C. 20534;

BRUCE PEARSON. WARDEN FCC YAZOO CITY (LOW)
P.O. BOX 5050 YAZOO CITY MS 39194 (2225
Haley Barbour Parkway Yazoo City MS 39194);

CONSTANCE REESE. former FCC Yazoo City Warden.

AMERICAN CORRECTIONAL ASSOCIATION
4380 Forbes Blvd.
Lanham, MD 20706

DEFENDANTS.

**FILED**
MAY 14 2008
Clerk, U.S. District and
Bankruptcy Courts

Case: 1:08-cv-00833
Assigned To : Unassigned
Assign. Date : 5/14/2008
Description: Pro Se General Civil

JURY TRIAL DEMANDED

## COMPLAINT

AND NOW COMES the Plaintiff. James Clayton Landingham ("Plaintiff") and demands a jury trial and alleges and represents for his complaint as follows:

### PARTIES

1. The Plaintiff is James Clayton Landingham. a federal inmate confined at FCC Yazoo City in Mississippi. ("Plaintiff")

2. The Defendants are Harley Lappin, an individual and director of the Federal Bureau of Prisons Federal Bureau of Prisons. A government agency. Bruce Pearson an individual and Warden of FCC Yazoo City. Constance Reese. an individual and former Warden of FCC Yazoo City. American Correctional Association ("ACA") . a corporation. ("Defendants")

-1-

3. Administrative remedies. Plaintiff exhausted his administrative remedies in this action by filing a BP 8, 9 and 10 and a BP 11 to the central office. However Plaintiff's BP 11 remedy was rejected because Defendants when they returned the BP 10 response removed the BP 9 response. Plaintiff immediately contacted Counselor Stansbury who contacted CMC Dalton to obtain a copy of the BP 9 and BP 9 response. Dalton replied to Stansbury and according to Stansbury the remedy could and would not by provided to Plaintiff. Plaintiff notes that in the past Dalton has provided a BP 9 response which they removed from his BP 10 response he has exhausted his available administrative remedies and this case is ripe for review. All exhibits concerning the exhaustion process are hereby attached to the Complaint.

## JURISDICTION

4. This Complaint and action are brought under the Administrative Procedures Act 5USC §706 and pursuant to 28 USC § 1331 for violations of Plaintiff's Fifth and Eighth Amendment Rights under the United States Constitution and other common law violations. Plaintiff moves the court to compel the director and defendants to remove the triple bunks and reduce them down to single bunks and change other conditions of confinement which violate Plaintiff's rights to be free from cruel and usual punishment.

## BACKGROUND

5. The living quarters at FCC Yazoo City only provided 45 square feet of living space for two and three persons or less than 20 square feet a person.

6. There are not enough square feet of living area in a 3-man cube with three grown men.

7. The Warden and defendants granted a waiver which was in violation of plaintiff's eighth amendment rights of prohibition on the imposition of cruel an unusual punishment for this lack of space creating an atypical and significant hardship on Plaintiff.

8. The actions were arbitrary and capriciously done to injure plaintiff.

9. Plaintiff did not waive his rights and did not give the ACA and Defendants authority to do so.

10. The Warden relied on the ACA above the constitution and federal law and policy to unlawfully house inmates at FCC Yazoo City in cramped and dangerous conditions.

11. Plaintiff was housed with violent offenders in closed quarters creating a touchy and life threatening situation which the Eighth Amendment proscribes against.

12. Defendants actions were deliberately indifferent to Plaintiff's needs.

13. The 'programs and activities' had nothing to do with Plaintiff's living space.

14. There were only 5 toilets ie not enough for over 150 inmates in the unit.

15. There were not enough showers for the inmates. There was not enough room in the card room or T.V. room which according to the program statement required 35 square feet per inmate.

16. The T.V. room when packed with inmates for instance during the superbowl could not fit all of the inmates arm to arm in the T.V. room. Thus there was 0 feet between inmates.

17. Defendants failed to follow the established regulations which was a violation of the Law.

18. Plaintiff was placed in 3 man cube, locking a desk in his personal living area,
A place to sit in the T.V. room, game room and quiet room.

19. Plaintiff seeks to have the 3rd man cubes reduced to single cubes and the other condition's corrected.

20. There is not adequate ventilation in the Units. The vents are not cleaned providing for dirt, smog and musk.

21. The shower drains are rusty and the floors are cracked where mold and fungus linger.

22. The bathroom vents are rusty, Thus when air flows it blows air filled with germs leading to sickness of inmates.

## COUNT I - Constitutional Violations

23. Paragraphs 1 through 22 are hereby incorporated by reference and realleged as if fully set forth again.

24. By subjecting Plaintiff the above cited conditions the Defendants damaged Plaintiff.

25. Defendants actions were willful intentional knowing, purposeful and intelligent and inflected Wanton pain and cruel and unusual punishment on plaintiff and violated Plaintiff due process rights. Defendants actions were deliberately indifferent to Plaintiffs rights and put Plaintiff in imminent danger of serious physical injury.

26. As such Plaintiff is entitled to damages pursuant to the Fifth and Eighth Amendment in the amount of $4,000,000.00

## COUNT II - Negligence

27. Paragraphs 1 through 27 are hereby incorporated by reference and realleged as if fully set forth again.

28. Defendants owed Plaintiff a duty of due care as his custodians to keep him safe and protect him from harm.

29. Defendants breached Plaintiff duty of due care when they triple bunked him with violent inmates and did not provide enough living space in the Unit, along with the ventilation and conditions of confinement alleged in the complaint.

30. Defendant's actions were willful, deliberate, knowing , purposeful and intelligent and damaged Planitiff .

31. As such Defendants are liable to plaintiff in the amount of $9,00,000.00 for their negligent actions.


WHEREFORE, The Plaintiff James Clayton Landingham respectfully demands that Judgement be entered in the amount of $4,900,000.00 along with declaratory and injunctive relief to end the recurring violations against Defendants and for Plaintiff and punative damages in the amount of $8,000,000.00 totaling $12,900,000.00, Plus costs, interest and fees.


Respectfully Submitted

_____

*signature*
James Clayton Landingham
#99144-071
PO Box 5000
Yazoo city, MS 39194

pLAintiff

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JANUARY 16, 2008

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : JAMES CLAYTON LANDINGHAM, 99144-071
      YAZOO CITY FCI    UNT: 2U   QTR: B14-016L
      P.O. BOX 5050
      YAZOO CITY,  MS 39194

RECEIVED
Warden's Office
JAN 25 2008
FCC Yazoo City

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 470131-A1     CENTRAL OFFICE APPEAL
DATE RECEIVED   : JANUARY 10, 2008
SUBJECT 1       : HOUSING ASSIGNMENT (EXCEPT SPECIAL HOUSING UNITS)
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF YOUR  INSTITUTION
                 ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM AND A COPY
                 OF THE (BP-09) RESPONSE FROM THE WARDEN.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 15 DAYS OF THE DATE OF THIS REJECTION NOTICE.

08 0833
FILED
MAY 14 2008
Clerk, U.S. District and
Bankruptcy Courts

U.S. Department of Justice

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __Landingham James C__  __99144-071__  __2-B-U__  __Yazoo (Low)__
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.       UNIT       INSTITUTION

Part A—REASON FOR APPEAL

(See attached)

__1/03/08__                                __[signature]__
   DATE                                 SIGNATURE OF REQUESTER

Part B—RESPONSE

**RECEIVED**

JAN 10 2008

Administrative Remedy Section
Federal Bureau of Prisons

---

DATE                                           GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                     CASE NUMBER: _____

Part C—RECEIPT
                                               CASE NUMBER: _____

Return to: _____    _____    _____    _____
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____        _____         BP-231(13)
    DATE               SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL   APRIL 1982
USP LVN

BOP policy states that each man is to have 50 square feet of living area. There are not 50 square feet of living area in a 3-man cube with three grown men. In my BP-9 to the warden I was told that the American Correctional Association has provided a waiver for programs and activities to the inmate population and is currently ACA accredited.

While the warden states that the ACA did allegedly grant a waiver in this matter, I state that this is a violation of my Eighth Amendment right of prohibition on the imposition of cruel and unusual punishment. In no way do I waive my rights and I have not given the ACA the authority to do so.

Here the warden relies on the ACA and I rely on the United States Constitution and federal law. It is universal knowledge that all conditions are derived from the standards set by federal law and not standards set by associations.

Furthermore, how do 'programs and activities' have anything to do with my living space? There are not enough toilets (6), showers, or room in the card rooms or TV room, which require 35 square feet per inmate. A validly issued administrative regulation has the same effect as law. Failure to follow established regulations are a violation of the law.

I have been placed in a 3-man cube. I am lacking a desk in my personal living area, a place to sit in the TV room, game room, and quiet room. The remedy I seek is to be moved to a facility that is not overcrowded and has proper living accommodations and has proper security. Otherwise, remove the 3rd man from the cubes to provide adequate living conditions that conform to established regulations and law.

Regional Administrative Remedy Appeal No: 470131-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted November 9, 2007. You allege the Federal Correctional Complex (FCC) in Yazoo City, Mississippi, does not provide adequate living space and does not meet the American Correctional Association (ACA) standards. As relief, you request to be moved to a facility that is not overcrowded or to have the third man removed from the cells to provide adequate living conditions.

An investigation of this matter revealed FCC Yazoo City, along with other federal prisons, incorporated three man cells to accommodate the significant increase in the inmate population. Although Federal Bureau of Prisons' policies are based on ACA standards, *Inmate Housing of the ACA* is not a mandatory standard. However, all applicable Bureau of Prisons' policies are being followed and adhered to at FCC Yazoo City.

Accordingly, your Regional Administrative Remedy Appeal is denied. If dissatisfied with this response, you may appeal to the Office of General Counsel. Your appeal must be received in the Office of General Counsel, 320 First Street, NW, Washington, D.C. 20534, within 30 calendar days of the date of this response.

12/13/07
Date

Regional Director, SERO

U.S. Department of Justice        Regional Administ    emedy Appeal

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Landingham James C__    __99144-071__    __2-B-U__    __Yazoo (Low)__
     LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

Part A—REASON FOR APPEAL

See attached

__11-05-07__                                                __[signature]__
     DATE                                                   SIGNATURE OF REQUESTER

Part B—RESPONSE

[Stamp: RECEIVED NOV -9 2007 REGIONAL COUNSEL'S OFFICE-SERO BUREAU OF PRISONS]

_____                           _____
     DATE                                                   REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                      CASE NUMBER: __476131-R1__

Part C—RECEIPT

                                                             CASE NUMBER: _____

Return to: _____    _____    _____    _____
       LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____    _____                _____    BP-230(13)
 USP LVN      DATE      Previous editions not usable      SIGNATURE, RECIPIENT OF REGIONAL APPEAL    APRIL 1982

BOP policy states that each man is to have 50 square feet of living area. There are not 50 square feet of living area in a 3-man cube with three grown men. In my BP-9 to the warden I was told that the American Correctional Association has provided a waiver for programs and activities to the inmate population and is currently ACA accredited.

While the warden states that the ACA did allegedly grant a waiver in this matter, I state that this is a violation of my Eighth Amendment right of prohibition on the imposition of cruel and unusual punishment. In no way do I waive my rights and I have not given the ACA the authority to do so.

Here the warden relies on the ACA and I rely on the United States Constitution and federal law. It is universal knowledge that all conditions are derived from the standards set by federal law and not standards set by associations.

Furthermore, how do 'programs and activities' have anything to do with my living space? There are not enough toilets (6), showers, or room in the card rooms or TV room, which require 35 square feet per inmate. A validly issued administrative regulation has the same effect as law. Failure to follow established regulations are a violation of the law.

I have been placed in a 3-man cube. I am lacking a desk in my personal living area, a place to sit in the TV room, game room, and quiet room. The remedy I seek is to be moved to a facility that is not overcrowded and has proper living accommodations and has proper security. Otherwise, remove the 3rd man from the cubes to provide adequate living conditions that conform to established regulations and law.

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                         FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) Mrs Stansbury | DATE: 2-06-08 |
| FROM: Sandingham | REGISTER NO.: 99144-071 |
| WORK ASSIGNMENT: Rec | UNIT: 2-B-U |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I recived my administrative Remedy on Jan 30, 2008 telling me I needed to send a copy of my BP-9 response from the warden. When I got my response back from Region my BP-9 was not returned. Could I please get a copy of my BP-9 response from the warden B Remedy ID 470431. If this can not be done please let me know so I can go to the next step.

Thank you
C.L.

(Do not write below this line)

DISPOSITION:

I discussed your complaint with Mr. Dalton. He stated that the Region is not responsible for sending copies back. You are responsible for copies in regards to your appeal.

| Signature Staff Member | Date 2-11-08 |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94



EXHIBIT A