IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAMES CLAYTON LANDINGHAM, #99144-071               PLAINTIFF

VERSUS                         CIVIL ACTION NO. 5:08cv251-DCB-MTP

HARLEY LAPPIN, BRUCE PEARSON,
CONSTANCE REESE,
and AMERICAN CORRECTIONAL ASSOCIATION               DEFENDANTS

## OPINION AND ORDER

On July 31, 2008, the plaintiff's complaint was transferred to this court from the United States District Court for the District of Columbia. Along with his complaint, the plaintiff filed a request to proceed in forma pauperis. An order [5] was entered on August 18, 2008, directing the plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3), if he wished to continue with this lawsuit or a Notice of Voluntary Dismissal (Form PSP-4), if he did not wish to continue with this lawsuit, within thirty days. The plaintiff was warned in the court order [5] of August 18, 2008, that his failure to timely comply with the requirements of the order would be deemed a purposeful delay and contumacious act by the plaintiff and might result in this case being dismissed sua sponte, without prejudice, and without further written notice to the plaintiff. The plaintiff failed to comply with the court's order [5] of August 18, 2008.

An order to show cause [6] was entered on October 15, 2008,

directing the plaintiff to respond in writing on or before November 5, 2008, and explain why this case should not be dismissed for his failure to comply with this court's order [5] entered on August 18, 2008. The plaintiff was warned in the order [6] entered on October 15, 2008, that if he did not comply with the court orders his case would be dismissed without prejudice and without further notice to him.

The plaintiff has failed to comply with the court's orders [5 & 6] of August 18, 2008, and October 15, 2008. In fact, the plaintiff has not communicated with this court since the instant civil action was entered on the docket in this court on July 31, 2008. Therefore, it is apparent from the plaintiff's failure to comply with the orders of this court and his failure to communicate with this court that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending

cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the __11th__ day of February, 2009.

          ___s/ David Bramlette___
          UNITED STATES DISTRICT JUDGE